IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PLUMBERS AND       :
GASFITTERS LOCAL 5 RETIREMENT
SAVINGS FUND, et al.               :

    v.                               :    Civil Action No. DKC 22-2770

                                               :

DC MECHANICAL, LLC

                                               :

**MEMORANDUM OPINION**

Pending before the court is a motion for default judgment filed by Plaintiffs Trustees of the Plumbers and Gasfitters Local 5 Retirement Savings Fund, Trustees of the Plumbers and Pipefitters Apprenticeship Fund, Trustees of the Plumbers and Pipefitters Vacation Fund, Trustees of the Communication and Productivity Fund, Trustees of the Industry Promotion Fund, Trustees of the Plumbers and Pipefitters Medical Fund, Trustees of the United Association National Pension Fund, Trustees of the International Training Fund, and Plumbers Local Union No. 5.  For the reasons that follow, Plaintiffs' motion will be granted in part and Defendant will not be ordered to submit to an audit.

**I.  Background**

Plaintiffs Plumbers and Gasfitters Local 5 Retirement Savings Fund, Plumbers and Pipefitters Apprenticeship Fund, Plumbers and Pipefitters Vacation Fund, and Plumbers and Pipefitters Medical Fund), Industry Funds together comprise the "Local 5 Benefit Funds."  The Communication and Productivity Fund and Industry

Promotion Fund together comprise the "Industry Fund", and the United Association National Pension Fund and International Training Fund together comprise the "National Benefit Funds". They are benefit plans governed by the Employment Retirement Income Security Act of 1974 ("ERISA"). The Trustees are fiduciaries of the Funds. They are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust. The Funds are offered to employers through collective bargaining agreements.

Plaintiffs allege in their complaint that Defendant DC Mechanical, LLC is bound to the terms of the Collective Bargaining Agreement between the Mechanical Contractors Association of Metropolitan Washington, D.C.[1] and Plumbers Local Union No. 5 by way of a Letter of Assent[2] and that Defendant employed employees

---

[1] Plaintiffs identify the Collective Bargaining Agreement between the Mechanical Contractors Association of Metropolitan Washington, D.C as Exhibit 4 which is titled Basic Construction Agreement and is between the Mechanical Contractor Association of Metropolitan Washington, Inc. and the Plumbers Local Union No. 5 United Association. The Agreement has an effective date of August 1, 2022. Plaintiffs seek contributions for July, August, and September 2022 and seek an audit from July 2022.

[2] The "Agreement of Assent" was signed on June 11, 2021, and indicates that Defendant DC Mechanical, LLC authorizes the Mechanical Contractors District of Columbia Association, Inc. as its collective bargaining representative for all matters with the Steamfitters Local No. 602. (ECF No. 11-3, page 259). The Mechanical Contractors District of Columbia Association, Inc. is now known as the Mechanical Contractors Association of Metropolitan Washington, DC (ECF No. 11-3, p. 46).

covered by the Collective Bargaining Agreement from July 2022, through the filing of the complaint in October, 2022.

Plaintiffs assert an ERISA claim against Defendant for unpaid contributions for covered employees for July, August, and September 2022.[3]  According to the complaint, Defendant was required to make contributions to the Funds for each hour worked by its employees performing work covered by the Collective Bargaining Agreement and to submit a remittance report each month of contributions due along with payment.  The Collective Bargaining Agreement also required Defendant to deduct Local 5 union dues from its employees' wages.

Defendant's monthly remittance report of contributions and dues was to be filed by the fifteenth day of the month following the month for which the report covers.  Defendant submitted a remittance report without payment in July 2022.  The July 2022 report indicates that contributions of $18,133.85 and working assessments/dues of $3,148.96 are owed to Local 5, contributions of $5,713.80 are owed to the National Benefit Funds, and contributions of $422.23 are owed to the Industry Funds. (ECF No. 11-3, page 264).

---

[3]  Plaintiffs assert a claim "from at least July 2022 through the present" in their complaint.  Plaintiffs' motion for default judgment seeks for contributions for July, August, and September 2022.

Defendant failed to submit remittance reports for August and September 2022. Pursuant to the First Amendment to the Restated Agreement Declaration of Trust Plumbers and Pipefitters Medical Fund, Article VI (Contributions to the Trust Fund), Section 6 (Projection of Delinquency) (ECF No. 11-3, pp. 142, 143), Plaintiffs projected the delinquency for August and September 2022 based on the average of the monthly reports submitted for April, May, and June 2022. They concluded that the average monthly contribution to Local 5 Benefit Funds was $15,138.64 and $4,453.19 to the National Benefit Fund $4,453.19.

The Trustees served Defendant on October 31, 2022. When Defendant failed to respond timely, the Plaintiffs moved for clerk's entry of default (ECF No. 8) which was granted January 6, 2023 (ECF No. 9). Plaintiffs filed a motion for default judgment on March 31, 2023, seeking a judgment for contributions for July, August, and September 2022, liquidated damages, interest, attorneys' fees, and costs. Additionally, Plaintiffs moved for an order directing Defendant to submit to a complete audit of its wage and payroll records for the period from July 2022 through the date of judgment.[4]

---

[4] In their complaint, Plaintiffs requested an audit for the period from December 2019 through the date of judgment. Plaintiffs modified their request to cover the period from July 2022 through the date of judgment in their motion for default judgment.

## II.   Standard of Review

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Rule 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

## III. Analysis

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not.  *Lawbaugh*, 359 F.Supp.2d at 422.  The court

first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan").

According to the complaint, Defendant DC Mechanical, LLC is bound to the terms of the Collective Bargaining Agreement between the Mechanical Contractors Association of Metropolitan Washington,

D.C. and Plumbers Local Union No. 5 by way of a Letter of Assent. Defendant is obligated to the terms of the collective bargaining agreements with the Local No. 5 and is, therefore, obligated to comply with the terms of the Trust Agreements which require it to submit to an audit at the request of Plaintiffs.  Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.  *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec., Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

ERISA authorizes courts to grant "equitable relief as . . . appropriate" where a plaintiff brings a successful action to enforce its requirements.  *See* 29 U.S.C. § 1132(g)(2)(E); *see also La Barbera*, 666 F.Supp.2d at 350.  "Such relief may include an injunction ordering the defendant to submit to an audit."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F.Supp.2d 45, 52 (D.D.C. 2010).  Indeed, pursuant to ERISA, benefit plan trustees have the right to review the records of employers contributing to the plans.  *Id.* (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985)).

Because ERISA authorizes injunctive relief as a possible remedy, an injunction requiring Defendants to submit to an audit is warranted as long as the Funds establish the prerequisites for an injunction – namely, a showing of irreparable harm and the absence of an adequate legal remedy. *La Barbera*, 666 F.Supp.2d at 350-51. Plaintiffs have not explicitly asserted that there is no adequate remedy or that irreparable harm will result if injunctive relief is not granted. Specifically, Plaintiffs will be awarded judgment based on averaged/estimated contributions through September 2022. Presumably the Collective Bargaining Agreement concluded in September 2022; otherwise, Plaintiffs would seek contributions to a later date. An informal internet search of Defendant's website indicates that it is out of business.[5] Accordingly, the court will not grant Plaintiffs an audit.

## A.    Unpaid Contributions and Working Assessments/Dues

Defendant's monthly remittance report of contributions and dues was to be filed by the fifteenth day of the month following the month for which the report covers. Defendant submitted a remittance report without payment in July 2022. The July 2022 report indicates that Defendants were to pay $27,418.84 in contributions and working assessments/dues consisting of contributions of $18,133.85 and working assessments/dues of $3,148.96 to Local 5, contributions of $5,713.80 to the National

---

[5]    https://www.dc-mech.com/ - last visited April 27, 2023.

Benefit Funds, and contributions of $422.23 to the Industry Funds. (ECF No. 11-3, page 264).

Defendant failed to submit remittance reports for August and September 2022.  Pursuant to the First Amendment to the Restated Agreement Declaration of Trust Plumbers and Pipefitters Medical Fund Article VI (Contributions to the Trust Fund) Section 6 (Projection of Delinquency), Plaintiffs projected the delinquency for August and September 2022 based on the average of the monthly reports submitted for April, May, and June 2022.  They concluded that the average monthly contribution to Local 5 Benefit Funds was $19,591.83 the average monthly contribution to the National Benefit Fund was $4,453.19.[6]  The record supports $63,453.54 in unpaid contributions and will be awarded.

### B.   Working Assessment/Dues

The Local 5 Benefit Funds seek $3,148.96 as working assessment/dues pursuant to the Collective Bargaining Agreement. Defendant's July 2022 remittance form acknowledges this debt, and it will be awarded.  (ECF No. 11-3, p. 265).

### C.   Liquidated damages on unpaid contributions and Working Assessments/Dues

The trust agreements provide that if an employer fails to make timely contributions, it must pay liquidated damages and

---

[6] In their motion for default judgment, Plaintiffs have not requested projected/averaged contributions to the Industry Funds for the months of August and September 2022.

interest.   The Trust Agreements of the Local 5 Benefit Funds and Industry Funds provide that liquidated damages may be assessed at the rate of fifteen percent on the contributions and working assessments/dues owed.

Both members of the National Pension Fund may collect liquidated damages, but at different percentages.   The Trust Agreement for the International Training Fund provides that liquidated damages be assessed at the rate of twenty percent and the Trust Agreement for the United Association National Pension Fund provides for liquidated damages at the rate of ten percent. Plaintiffs contend that Defendants owe liquidated damages of $1,501.09 to the National Pension Fund.

The record supports the award of $9,298.43 in liquidated damages (consisting of $7,261.67 in late contributions and $472.34 on uncollected dues to the Local 5 Benefit Funds, $63.33 to the Industry Funds, and $1,501.09 to the National Benefit Fund for late contributions).   The record supports this request and $9,298.43 in liquidated damages will be awarded to Plaintiffs.

### D.   Interest on unpaid contributions and Working Assessments/Dues

Interest on late payments is authorized under the Trust Agreements and Collective Bargaining Agreement.   The Local 5 Benefit Funds and Industry Funds are authorized to assess ten percent per annum and the National Benefit Funds are authorized to assess twelve percent per annum from the due date through the date

of payment.  Plaintiffs contend that Defendants owe interest of $3,232.40 on working assessments/dues and unpaid contributions through March 1, 2023.  Specifically, Defendants owe the Local 5 Benefit Funds $2,244.56 ($2,244.56 on contributions and $170.82 on working assessments/dues), $22.90 to the Industry Funds, and $817.02 to the National Benefit Funds.  The record supports the award of interest to Plaintiffs of $3,232.40.

### E.  Attorneys' Fees

Plaintiffs seek $7,250.75 in attorneys' fees.  In support of this request, Plaintiffs submit the Declaration of Diana Cohn regarding attorneys' fees and costs (ECF No. 11-4).  Exhibit 1 shows the hours billed by Plaintiffs' counsel.  It indicates that the firm spent 24.25 hours on this case on behalf of the Plaintiffs at a rate of $299 per hour for attorney time.

The sum requested is not consistent with the rates suggested in the court's Local Rules and will be reduced.  Two attorneys who charged 15.5 hours at $299 per hour graduated from law school in 2020.  Appendix B of the court's Local Rules suggests that lawyers admitted to the bar for less than five (5) years should charge between $150 - $225 per hour.  Thus, 15.5 hours of the fee petition will be reduced from $299 per hour to $225 per hour for 15.5 hours.  Plaintiffs will be awarded $6,103.75 for attorneys' fees, a reduction of $1,147.

**F.   Costs**

Plaintiffs seek $652 in costs.  In support of this request, Plaintiffs state that in addition to the $402 filing fee to commence this action, $250 was spent for service of process on Defendant.  The record supports this requested amount, and $652 in costs will be awarded to Plaintiffs.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted in part.  Defendant will not be ordered to submit to an audit.  A separate order will follow.

                                   /s/
_____
DEBORAH K. CHASANOW
United States District Judge
